UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ANTHONY HAROLD BALL, | ) | |
| Plaintiff, | ) ) ) | Civil No. 5:23-cv-00335-GFVT |
| v. | ) ) | |
| FEDERAL BUREAU OF PRISONS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Anthony Harold Ball's Complaint. [R. 1.] Mr. Ball is incarcerated at the Federal Medical Center (FMC) in Lexington, Kentucky. Proceeding without an attorney, Mr. Ball filed a civil rights Complaint with this Court pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]. Mr. Ball names the Federal Bureau of Prisons (BOP) as the only Defendant in this case, and he alleges that another inmate assaulted him by throwing boiling water and oil on him while he was asleep. *Id.* His Complaint alleges that prison staff failed to protect him in violation of his rights under the Eighth Amendment to the United States Constitution. *Id.* at 4. He seeks five million dollars in compensatory damages. *Id.* at 8.

The Court has conducted an initial screening of Mr. Ball's Complaint pursuant to 28 U.S.C. § 1915A and will dismiss his claim against the BOP for failure to state a claim upon which relief may be granted. Mr. Ball attempts to assert an Eighth Amendment *Bivens* claim against the BOP, seeking money damages because prison staff members allegedly failed to protect him. However, Mr. Ball may not bring such a *Bivens* claim against the BOP itself. As the United States Supreme Court has explained, "[i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer,

subject to the defense of qualified immunity." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). However, the inmate "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Id.*; *see also Himmelreich v. Fed. Bureau of Prisons, et al.*, No. 11-3474, 2012 WL 13226685, at *2 (6th Cir. May 7, 2012) (recognizing that a prisoner may not bring a *Bivens* claim against the BOP). Since that is what Mr. Ball is attempting to do in this case, the Court must dismiss his claim.[1]

This decision dismisses, with prejudice, Mr. Ball's *Bivens* claim against the BOP. However, nothing in this decision prevents Mr. Ball from filing a new complaint, and thus initiating a new civil action, in which he asserts one or more *Bivens* claims against individual prison officers (rather than the BOP) and/or pursues a Federal Tort Claims Act (FTCA) claim against the United States of America.[2]

Accordingly, it is **ORDERED** as follows:

1. Mr. Ball's Complaint asserting an Eighth Amendment *Bivens* claim against the BOP **[R. 1]** is **DISMISSED** with prejudice;

2. This action is **STRICKEN** from the docket;

3. All pending motions are **DENIED** as moot;

4. Nothing in this decision prevents Mr. Ball from filing a new complaint, and thus initiating a new civil action, in which he asserts one or more *Bivens* claims against

---

[1] At the end of Mr. Ball's Complaint, he also asks to be released from prison under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281. While the CARES Act gave the BOP the discretion to expand the use of home confinement during the COVID-19 pandemic, it did not provide this Court the authority to order that a prisoner be placed on home confinement. Thus, Mr. Ball's request for relief on that front is unavailing.

[2] There is no indication that Mr. Ball is trying to pursue a FTCA claim in his current Complaint. He does not name the United States as a defendant, and he does not cite either the FTCA or Standard Form 95, the form used to assert an administrative tort claim against the United States.

individual prison officers (rather than the BOP) and/or pursues a FTCA claim against the United States of America; and

5. The Court will enter a corresponding Judgment.

This the 15th day of December, 2023.

Gregory F. Van Tatenhove
United States District Judge